# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) No. 2:14-cr-00642-DCN |
| vs. | ) |
| | ) **SENTENCING MEMORANDUM** |
| TRAVIS DONALD FENDER, | ) |
| | ) |
| Defendant. | ) |
| | ) |

On January 15, 2015, Travis Donald Fender ("defendant") pleaded guilty, pursuant to a written plea agreement, to one count of using a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) and one count of possession of a firearm and ammunition by a prohibited felon in violation of 18 U.S.C. § 922(g). At a hearing held on June 9, 2017, the court sentenced defendant to a 171 month term of imprisonment, 3 years of supervised release, and a special assessment of $200. In this memorandum, the court explains how it applied the factors found at 18 U.S.C. § 3553(a) to reach the sentence imposed.

## I. STANDARD

"A district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." Gall v. United States, 128 S. Ct. 586, 596 (2007). After calculating that range, the district court should then give the parties an opportunity to argue "for whatever sentence they deem appropriate." Id. The district court must then consider all of the § 3553(a) factors, as applied to the particularized facts of the case before it, to determine which sentence best serves the factors. Id. In making its decision,

the district court should "not presume that the Guidelines range is reasonable," id., although the court of appeals can—and the Fourth Circuit does—apply a presumption of reasonableness to within-Guidelines sentences, Rita v. United States, 551 U.S. 338, 347 (2007).

In United States v. Battle, 499 F.3d 315 (4th Cir. 2007), the Fourth Circuit explained how the § 3553(a) factors interact with the advisory Guidelines range:

> After calculating the sentence under the Guidelines, the district court must consider that sentence in light of the § 3553(a) factors. If the § 3553(a) factors support a sentence within the Guidelines range, the district court should impose a sentence within the range that best serves the factors. If the § 3553(a) factors do not support a sentence within the Guidelines range, the district court can impose a sentence outside the range that best serves the factors as long as it articulates why the factors support the sentence imposed. A district court must therefore consider the § 3553(a) factors in every case, regardless of whether the sentence imposed is within the Guidelines range.

Id. at 323 (internal citations omitted).

The district court also has an obligation to adequately explain how the factors affected the sentencing determination in each particular case. If the sentence is within the Guidelines range, the district court need not offer a thorough explanation—a simple statement that it applied the factors will usually suffice so long as it is clear from the record that the court considered the relevant evidence and arguments. See id. at 324. Outside-Guidelines sentences will require much more thorough explanations of why the factors support the sentences. See id.; United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006).

## II. DISCUSSION

The court has already made the necessary factual and legal findings to conclude that defendant's Guidelines range is 171 to 183 months. At the sentencing hearing, the government argued for a sentence at the high end of that range. Applying the § 3553(a) factors to the facts of this case, the court finds that a sentence within the Guidelines range is appropriate. However, the court also finds that the factors support a sentence at the bottom of the Guidelines range because it is "sufficient[] but not greater than necessary" to accomplish the purposes of sentencing.

### A. Section 3553(a)(1): The nature and circumstances of the offense and the history and characteristics of the defendant support a within-Guidelines sentence.

Defendant committed very serious offenses. Defendant met his victims under the guise of a drug deal and then used a firearm to rob them. This conduct not only showed a willingness to subject others to the threat of serious danger, it caused actual injury when the firearm was discharged during the course of the robbery, striking both victims. Such disregard for the safety of others warrants stern punishment.

Defendant's personal history and characteristics also support a strong sentence. Defendant has been involved in criminal conduct before—he was convicted in state court for receiving stolen goods in 2009, and was convicted in federal court for mail theft in 2010. While on bond in connection with the federal mail theft charges, defendant was given an opportunity to participate in the federal BRIDGE program—a program which offers opportunities for rehabilitation and potential sentence reductions to federal defendants struggling with substance abuse problems. However, defendant was

terminated after failing to follow the rules of the program, his bond was revoked, and he was detained. On October 24, 2011, he was sentenced to time served and 2 years supervised release. He failed to comply with the conditions of his supervised release and was required to serve 4 months in the halfway house. He was terminated from the halfway house for numerous violations of the rules, was arrested, and detained. On June 20, 2012, he was sentenced to 3 months in prison for his supervised release violations. The incident on which his latest conviction was based occurred on June 10, 2013, less than a year after he was released from federal prison. It is clear that defendant has had multiple opportunities to turn away from criminal activity and has been unwilling to do so. Instead, defendant has transitioned to <u>more serious</u> crimes. This trend provides further support for a strong punishment.

> **B. Section 3553(a)(2)(A): A sentence within the Guidelines range will adequately and reasonably reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.**

As discussed above, the crimes to which defendant pleaded guilty are serious. Accordingly, a lengthy term of imprisonment—i.e., the applicable Guidelines range—is required to reflect the seriousness of his offenses. A sentence within the Guidelines range will require defendant to spend the bulk of his young adulthood in prison. This constitutes a serious deprivation, as defendant will be unable to enjoy the benefits of freedom and will be separated from his friends and family for a significant portion of his life. However, the Guidelines range is not overly punitive in light of the seriousness of the offense. Rather, the court finds that imposing a substantial term of imprisonment reflects the seriousness of defendant's offense and will promote respect for the law.

### C. Section 3553(a)(2)(B): A sentence within the Guidelines range will afford adequate deterrence to criminal conduct.

As a young offender with a significant criminal history, defendant presents a substantial risk of recidivism. See United States Sentencing Comm'n, Recidivism Among Federal Offenders: A Comprehensive Overview, 23 (March 2016) ("Studies have repeatedly shown that older offenders at sentencing are at lower risk for reoffending, and the Commission's research confirms these findings."); United States Sentencing Comm'n, The Past Predicts the Future: Criminal History and Recidivism of Federal Offenders, 7 (Mar. 2017) ("[C]onsistent with its past work in this area, the Commission's present study found that recidivism rates are closely correlated with total criminal history points and resulting CHC classification, as offenders with lower criminal history scores have lower recidivism rates than offenders with higher criminal history scores."). The court again finds it significant that defendant has been given opportunities to cease his criminal activities in the past. Given defendant's inability to take advantage of such opportunities and the statistical evidence suggesting that defendant is likely to commit further crimes, the court believes that strong measures are needed to deter defendant from future criminal activity.

In addition to deterring defendant from committing further crimes, the court must also be concerned with deterring others from committing similar crimes. See United States v. Politano, 552 F.3d 69, 74 (1st Cir. 2008) ("General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant."); United States v. Munoz, 974 F.2d 493, 495 (4th Cir. 1992) ("The court may . . . impose a sentence to deter similar criminal

conduct by others."). A substantial term of imprisonment will send a clear message to others that such conduct entails serious consequences and will result in a lengthy term of imprisonment.

> **D. Section 3553(a)(2)(C): A sentence within the Guidelines range will protect the public from further crimes of the defendant.**

As discussed above, the court believes that a long term of imprisonment will protect the public by deterring defendant from committing any further crimes. A long term of imprisonment will also protect the public by removing defendant from society and preventing him from committing crimes during his period of incarceration.

> **E. Section 3553(a)(2)(D): A sentence within the Guidelines range will provide the defendant with sufficient educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

Section 3553(a)(2)(D) does not factor heavily in this case. The court is aware that defendant has a limited education and has engaged in efforts to obtain his GED. Thus, educational or vocational training would likely provide some benefit. Defendant has not offered any argument indicating that the Bureau of Prisons will be unable to provide sufficient opportunities for such training, but even if he had, the court is convinced that this concern is not strong enough to warrant a sentence below the Guidelines range.

The court is also aware that defendant wishes to be screened for the Bureau of Prisons intensive drug treatment program. The court will provide such a recommendation.

Beyond these concerns, the court is not aware that defendant has any educational, medical, or correctional needs that are distinguishable from those of any other federal defendant.

**F. Section 3553(a)(3) & (4): Among the kinds of sentences available, and considering the advisory Guidelines range, this case warrants a term of incarceration within the range.**

Defendant's conviction for the use of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) carries a 10 year mandatory minimum term of imprisonment. Thus, the court must sentence defendant to a prison term of <u>at least</u> 120 months. For the reasons stated elsewhere in this memorandum, the court believes that, among the available sentences, a within-Guidelines sentence is appropriate in this case.

**G. Section 3553(a)(5): Pertinent policy statements issued by the United States Sentencing Commission do not warrant imposing a sentence outside the Guidelines range.**

The court is not aware of any pertinent policy statements issued by the United States Sentencing Commission that would undermine the court's decision to impose a sentence within the Guidelines range.

**H. Section 3553(a)(6): A within-Guidelines sentence will not create unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.**

The creation of unwarranted sentencing disparities is somewhat difficult to assess, as the court cannot simply compare defendant to other defendants who have been convicted of the same offenses.[1] The court must also consider the defendants' respective criminal histories and offense conduct when comparing sentences. See <u>United States v. Lymas</u>, 781 F.3d 106, 114 (4th Cir. 2015) (finding that the district court's § 3553(a)(6) analysis "failed to account for the dissimilar criminal histories and offense conduct of [the defendants] and instead adopted a cookie-cutter approach that is the antithesis of our

---

[1] The court notes that defendant has not made any argument that a sentence within the Guidelines range will create unwarranted sentencing disparities.

individualized sentencing process"). Perhaps unsurprisingly, the United States Sentencing Commission reported that, in the fiscal year 2015, "[t]he average sentence imposed on section 922(g) offenders varied widely by whether a mandatory minimum penalty applied in the case." U.S. Sentencing Comm'n, Quick Facts: Felon in Possession of a Firearm (July 2016). Given this variance and the need to make an individualized inquiry into the defendant's conduct in this case, the court has no reason to believe that a sentence falling within the Guideline range would create significant sentencing disparity under § 3553(a)(6). Moreover, the court's lack of information on the subject leads the court to believe that the § 3553(a)(6) analysis is not as helpful as other factors in setting an appropriate sentence in this case. Ultimately, the other factors discussed above support a within-Guidelines sentence, and the court does not believe that § 3553(a)(6) requires a contrary result. See Gall, 128 S. Ct. at 602 (holding that reasonableness turns on whether "the § 3553(a) factors, on the whole, justif[y] the sentence" (emphasis added)).

**I. Section § 3553(a)(7): Defendant need not provide restitution to the victims of his offense.**

The court has considered the possibility of requiring defendant to provide restitution to the victims in this case and has determined that such a measure is not necessary. The most pressing concern in this case is preventing defendant from committing further crimes.

**J. Any sentence exceeding the low-end of the Guidelines range would be "greater than necessary" to accomplish the purposes of sentencing.**

At the sentencing hearing, the government argued for a sentence at the high-end of the Guideline range. The court finds such a sentence would be greater than necessary to serve the purposes of § 3553(a)(2). See United States v. Shortt, 485 F.3d 243, 248 (4th

Cir. 2007) ("[A] sentence that is greater than necessary to serve [the purposes of § 3553(a)(2)] is unreasonable."). The difference between a high-end of the Guidelines sentence and low-end of the Guidelines sentence is only 12 months. While this is certainly a significant amount of time, it would only represent about a 7% increase over a sentence at the low-end of the Guidelines—171 months. Thus, there is little marginal benefit to imposing a sentence at the high-end of the Guidelines because a low-end sentence already imposes a lengthy term of imprisonment. Accordingly, and having considered the remainder of the § 3553(a) factors, the court finds the factors support a sentence at the bottom of the advisory Guidelines range.

### III. CONCLUSION

For the foregoing reasons, the court finds the factors located at § 3553(a) support a sentence of 171 months' imprisonment, 3 years of supervised release, and a special assessment of $200.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**August 1, 2017**
**Charleston, South Carolina**